779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOHN WADE WHEELER, Defendant-Appellant.
 84-6074
 United States Court of Appeals, Sixth Circuit.
 10/10/85
 
 AFFIRMED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: MARTIN and JONES, Circuit Judges; and BROWN, Senior Judge.
 Per Curiam.
 
 
 1
 John Wade Wheeler appeals his conviction for aiding and abetting in the sale of cocaine, arguing that the district court erred in admitting the fruit of a warrantless search and in allowing improper closing arguments by the prosecution. On review of his arguments, we find that the district court did not err, and accordingly we affirm the judgment.
 
 
 2
 Agents of the Federal Bureau of Investigation, observing the scene of a negotiation for the sale of cocaine between Anthony Taylor and undercover agents, saw Taylor enter an automobile at the conclusion of the negotiation meeting. The car was driven by Wheeler. Shortly thereafter, the undercover agents met Taylor at a bank for payment and delivery. Wheeler was observed driving around the bank's parking lot and parking his car so as to command a view of the meeting between Taylor and the agents. As soon as the exchange occurred, both Taylor and Wheeler were arrested. Wheeler's car was driven to the Federal Building and later searched. The search yielded a small vial with a spoon attached by a chain, which was found under the back seat. The vial contained a residue of cocaine. The trial court adopted the magistrate's finding after a suppression hearing, and the evidence was admitted at trial.
 
 
 3
 We find that the district court did not err in admitting the fruits of this search, under the Supreme Court's decisions involving inventory searches. See, e.g., South Dakota v. Opperman, 428 U.S. 364 (1976); see also 21 U.S.C. Sec. 881 (1982).
 
 
 4
 Wheeler further contends that the government's closing argument contained improper statements. On consideration of this claim, we find it without merit.
 
 
 5
 The judgment is therefore AFFIRMED.